UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA m

| | |
|---|---|
| WILLIE BELTON, III,<br><br>            Plaintiff,<br><br>    v.<br><br>M. HOOKO, et al.,<br><br>            Defendants. | No. 2:15-cv-1780 KJM CKD P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1 | exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2 | II. <u>Screening Standard</u>

3 | The court is required to screen complaints brought by prisoners seeking relief against a
4 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5 | court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 | monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8 | A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 | <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
10 | Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 | indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
12 | 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 | pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
14 | Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

15 | In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 | "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 | of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,
18 | "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 | statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
20 | upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A
21 | claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 | the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct.
23 | at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
24 | the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007),
25 | and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416
26 | U.S. 232, 236 (1974).

27 | ////

28 | ////

III. Allegations

Plaintiff names as defendants three food service employees at California State Prison-Solano. He names the state corrections department ("CDCR") as the fourth defendant. Correctional Supervising Cooks (CSCs) Hooko and Adams worked with plaintiff in the kitchen, overseen by Food Services Management Supervisor defendant MacDaniels. (See ECF No. 1 at 9.)

Plaintiff alleges that in December 2013, Adams "filed unfounded disciplinary charges" against plaintiff "after plaintiff complained about [Adams'] . . . disrespect and dislike toward plaintiff." (ECF No. 1 at 2.) Those charges were dismissed. Six months later, Hooko told plaintiff that he "did not like plaintiff and would see to it that he was punished on Adams' behalf." (Id.) Hooko "verbally assaulted" plaintiff in the presence of MacDaniels, and plaintiff was later fired from his job "without adequate reason." (Id.)

In attached inmate appeals, plaintiff asserts that Hooko intentionally miscalculated plaintiff's work hours in retaliation for plaintiff's "having negative dealings with his co-worker, CSC Adams, in the past." (Id. at 6.) Following a confidential inquiry into plaintiff's claims, the first/second-level reviewer determined that staff violated CDCR policy with respect to one or more of the issues appealed. (Id. at 6-7.) The third-level reviewer concurred with this finding but denied further relief. (Id. at 9.)

IV. Analysis

First, mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

However, an inmate may state a cognizable First Amendment claim based on retaliation for protected conduct, such as filing administrative grievances. To prevail on a First Amendment retaliation claim, plaintiff must show: (1) an adverse action against him; (2) because of; (3) his protected conduct, and that such action; (4) chilled his exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). "The mere threat of harm can be an adverse action,

3

regardless of whether it is carried out because the threat itself can have a chilling effect." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009).  The threat need not be explicit or specific. Id.  Rather the question for the court is whether a reasonable factfinder could interpret the statements as "'intimating that some form of punishment or adverse regulatory action would follow.'" See id. (quoting Okwedy v. Molinari, 333 F.3d 339, 343 (2d Cir. 2003)).

Here, plaintiff does not allege that any adverse action was taken against him because of his protected conduct, such as use of the inmate grievance system.  Rather, he alleges that he and Adams did not get along, causing Adams to file false disciplinary charges against him.  Months later, Hooko took his co-worker's side and engaged in adverse actions against plaintiff.  These allegations are insufficient to state a First Amendment claim.

Moreover, inmates have no constitutional right to work. Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 845 (9th Cir. 1985).  It is well established that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment. James v. Quinlan, 866 F.2d 627, 630 (3rd Cir.), cert denied, 493 U.S. 870 (1989).  Since plaintiff does not have a constitutional right to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work.

Finally, defendant CDCR is immune from suit under the doctrine of sovereign immunity.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  The State of California has not consented to suit.  Thus any claims against this defendant must be dismissed.

As it fails to state a cognizable claim, the complaint will be dismissed.  However, plaintiff will be granted one opportunity to amend the complaint to state a claim.

V. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

1  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
2  there is some affirmative link or connection between a defendant's actions and the claimed
3  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
4  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
5  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
6  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff chooses to amend the complaint, he
7  should set forth a "short and plain statement" of his claim and any related claims against the
8  appropriate defendants.

9  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
10 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
11 complaint be complete in itself without reference to any prior pleading.  This is because, as a
12 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
13 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
14 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
15 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

16 In accordance with the above, IT IS HEREBY ORDERED that:

17 1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

18 2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
19 shall be collected and paid in accordance with this court's order to the Director of the California
20 Department of Corrections and Rehabilitation filed concurrently herewith.

21 3.  Plaintiff's complaint is dismissed.

22 4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
23 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
24 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
25 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
26 ////
27 ////
28 ////

1 two copies of the amended complaint; failure to file an amended complaint in accordance with
2 this order will result in a recommendation that this action be dismissed.
3 Dated: October 16, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

10  2 / belt1780.14.new