UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BELTON III, | No. 2:15-cv-01780-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| M. HOOKO, et al., | |
| Defendants. | |

On January 28, 2016, the magistrate judge filed findings and recommendations, requesting this court dismiss plaintiff Willie Belton III's complaint for failure to state a claim. ECF No. 17. After reviewing the record and plaintiff's filed objections, ECF No. 19, this court adopted the findings and recommendations, dismissed plaintiff's complaint with prejudice, and closed the case. ECF No. 20. Plaintiff now asks the court to reconsider its order. ECF No. 22. For reasons explained below, plaintiff's motion is DENIED.

I.  LEGAL STANDARDS

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing Fed. R. Civ. P. 59(e)). A district court may grant a motion for reconsideration if it "'is presented with newly discovered evidence, committed clear error, or

1

if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona*, 229 F.3d at 890.

II. DISCUSSION

Here, plaintiff's filing appears misdirected. Throughout his motion, plaintiff discusses his inability to timely submit documents supporting his claim in a case he apparently filed in the Central District of California, numbered 2:17-cv-533-PSG-E. *See* Mot. at 1–2, 18 (attaching Central District Docket to motion). In this context, plaintiff requests reconsideration because he says he was not aware of certain findings and recommendations until 72 hours before the time expired to object. ECF No. 22 at 1–2. But plaintiff timely filed objections to the magistrate judge's findings and recommendations in this case in this court. ECF No. 19. In those objections, plaintiff did not say he was unaware of the findings and recommendations until 72 hours before the objection period expired. *See id.*

Even if the court considers the substance of plaintiff's motion, nothing he provides warrants reconsideration here. His documents specifically identify an excessive force claim against defendant "Miranda," who is a defendant in plaintiff's Central District case, but not in this case. *See* ECF No. 22 at 4. Second, plaintiff's suit here is based on an alleged First Amendment retaliation claim; as noted, plaintiff's proffered documents discuss excessive force. *See id.* Plaintiff's proffered documents are irrelevant to his claim at issue here. *See generally* ECF No. 22.

Plaintiff's motion does not present new evidence, contend this court committed clear error, or show there was an intervening change in controlling law. *McDowell*, 197 F.3d at 1255. Plaintiff's contentions do not warrant relief. His motion for reconsideration will therefore be DENIED.

/////

/////

III.  CONCLUSION

   For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

   This Order resolves ECF No. 22.

   IT IS SO ORDERED.

DATED: August 31, 2017.

_____
UNITED STATES DISTRICT JUDGE